**INTERNATIONAL SHOE CO. v. SMITH-COLE, Inc., et al.**

**No. 706.**

Circuit Court of Appeals, Tenth Circuit.

Jan. 20, 1933.

by the receiver of all the properties of the company for $4,355 was confirmed. Thereupon, upon direction of the court, the proceeds of such sale were disbursed in a dividend of 25 per cent to all of the creditors. The receiver withheld, and now holds, a 25 per cent dividend upon the claim of the appellant, which he stands ready to pay to appellant upon the filing of its claim.

After the properties were sold, the sale confirmed, and possession given to the purchaser; after the receiver had distributed the proceeds of the sale to creditors in 11 states, extending from Massachusetts to Colorado, and from Minnesota to Texas, the appellant, an unsecured creditor in the amount of $703.-36, filed its involuntary petition in bankruptcy, alleging that the company is indebted to an amount in excess of $1,000 and has less than 12 creditors; that the company was insolvent, and had committed an act of bankruptcy in that a receiver had been appointed by the state court. Answers were filed by the company and by the receiver on behalf of the creditors, joining issue upon the allegations of insolvency, its indebtedness in excess of $1,000, and the existence of less than 12 creditors. The answers affirmatively alleged that all of the assets of the company had been administered in the state court, a sale thereof made, and the proceeds of the sale distributed ratably to all the creditors; that the administration in the state court had been fairly conducted, and that the only unliquidated item of the estate was the payment of the 25 per cent dividend on the small claim of appellant, which was tendered upon proper proof of claim.

The cause appears to have been informally tried, the narrative statement not disclosing that any evidence was introduced. The narrative statement recites that the issue of insolvency was not tried out. The attorney for the appellant stated to the trial court that the 25 per cent dividend had been paid to all proven claims without discrimination. No complaint is made, in the pleadings or at the trial, of the administration by the state court, either as to the amount for which the properties were sold, or the claims which were allowed; the statement also recites that the appellant, with full knowledge of all the acts and doings of the receivership, took no steps until the properties had been sold and the proceeds disbursed. The record discloses that the receiver has reserved funds sufficient to pay to appellant the same dividend as was paid to other creditors, but that it declines to accept the same. The trial court thereupon

Henry L. Fist, of Tulsa, Okl. (Chas. L. Yancey and G. C. Spillers, both of Tulsa, Okl., Richard O. Rumer, of St. Louis, Mo., and E. M. Calkin, of Tulsa, Okl., on the brief), for appellant.

A. M. Kerr, of Ada, Okl. (L. H. Harrell and Robert S. Kerr, both of Ada, Okl., on the brief), for appellees.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

McDERMOTT, Circuit Judge.

In December, 1931, Smith-Cole, Inc., was engaged in the mercantile business in the City of Ada, Oklahoma. It was indebted on open account or unsecured notes, to 30 creditors, totaling approximately $16,000. In an action in the state court, brought by one of the creditors, the court found that by reason of the business depression, the company had been unable to provide for payment of its obligations as they matured, and that there was imminent danger that the sound value of its assets would be sacrificed in a race for priorities, to the injury of the company and its creditors. Predicated upon such finding, the court appointed a receiver, and directed that the creditors might establish their claims by intervention. On January 27, 1932, a sale

declined to adjudge the appellee a bankrupt. This appeal is from that ruling.

It is not suggested that a better sale could be made, or a larger dividend paid, through bankruptcy proceedings. On the contrary, it is admitted that if the company is adjudicated a bankrupt, litigation will be necessary in many states to recover the payments made by the state court receiver. Upon oral argument it is stated that this action is brought in pursuance of appellant's business policy to participate in no liquidation proceeding except bankruptcy.

Appellant argues that the right to file an involuntary petition in bankruptcy is a right granted by statute, and is not dependent upon a consideration of the equities of the case, nor of the wishes of other creditors; that a court may not weigh the probable benefit to the creditors from bankruptcy proceedings as opposed to other methods of liquidation; that by statutory command, courts must enter the order of adjudication when properly requested so to do.

Conceding, for present purposes, the soundness of these general statements, it still remains true that Congress has imposed two limitations upon that legal right: (a) the defendant must owe debts of $1,000 or more (11 USCA § 22); and (b) one creditor may not file a petition unless the total number of creditors is less than 12 (11 USCA § 95). In the case at bar, but one creditor filed. To bring itself within the letter of one section of the statute, it argues that the other 29 creditors cannot be counted, because they accepted a dividend from the state court; to bring itself within the letter of the other section of the statute, it alleges that the claims of the other 29 should be counted. It is true that in computing the jurisdictional amount, claims paid by preferential or fraudulent transfers must be counted. Boston West Africa Trading Co. v. Quaker City Morocco Co. (C. C. A. 1) 261 F. 665. It is likewise true that a creditor receiving a preference should not be counted in determining whether there are 12 creditors. Stevens v. Nave-McCord Merc. Co. (C. C. A. 8) 150 F. 71. If the law were otherwise, a debtor might pay 10 out of 12 creditors, and leave the other two bereft of the statutory right to avoid preferences. But counsel does not make clear where there is any preference in the situation here, where every creditor is paid or tendered precisely the same percentage of his debt.

We do not pursue the interesting speculation as to the power of one creditor; by voluntarily declining an offer of an equal share, to make all other creditors the recipients of an illegal preference; nor decide the question of whether, in the absence of a preference or fraudulent transfer, creditors shall not be counted but their claims must be, for the decision must be affirmed on two simpler grounds. One is that the insolvency alleged and denied was not proven. It was an issue in the case; the burden was on plaintiff to establish it; no evidence was offered on the point. It is recited that such issue was not tried out; but jurisdiction depended on it; it not being proven, or even tried, the order of dismissal was proper.

There is another reason why the order must be affirmed, and that is, there is nothing of substance to the case. Courts are organized to adjudicate controversies of substance, and not to declare abstract rules of law. There is neither charge, proof, nor intimation, that appellant or any other creditor would get a cent more if the effort now made to unscramble the state court proceedings were successful. The most that could be hoped for would be that the creditors, without resistance, would pay their dividends back to a trustee, and receive them again, surcharged with totally unnecessary costs of administration. Courts have enough to do in passing on substantial controversies without wasting their time in superintending the transfer of money from one pocket to another. But that cannot be hoped for. Counsel for appellant frankly states that, if he is successful, the immediate result will be extended litigation in many states, with no object in view except the satisfaction of vindicating his client's business policy. It is apparent that this slender estate would shortly be exhausted in such extensive litigation. The proceeds of the sale, instead of going to appellant and the other creditors, would go to officers of the bankruptcy court and their counsel. The long and short of the matter is that this proceeding is aimed at a dissipation, and not the conservation, of the estate of appellee. The process of the courts cannot be used to enforce contracts infected with champerty or maintenance; nor can they be used for that purpose in this more direct manner.

The avowed purpose of the suit being to assert an abstract right at the expense of the creditors, and that being its inevitable result, the action was properly dismissed.

Affirmed.