**In re MINERAL HILL CORPORATION, Debtor.**

**Bankruptcy No. 81–11165.**

United States Bankruptcy Court, D. Maryland.

Jan. 7, 1982.

James P. Koch, Baltimore, Md., for Mineral Hill Corporation, Debtor-in-Possession.

Michael J. Schwarz, Baltimore, Md., for Wadash, a Maryland limited partnership.

### MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

(Remand of Appeal for Purposes of Clarification of Court Order)

For the reasons set forth in the letter opinion of United States District Judge

Norman P. Ramsey, dated December 15, 1981, this Court sets forth, for purposes of clarification, the following findings and conclusions of law with respect to the appealability of the original court order of dismissal dated September 27, 1981, and the issue of a "meaningful notice and opportunity for a hearing."

■ First, with respect to the appealability of this Court's prior order of dismissal, dated September 27, 1981, this Court finds that under the circumstances presented; namely, a petition filed by an otherwise eligible debtor, but under circumstances clearly evincing bad faith (see Court's findings of fact in order dismissing proceeding dated September 27, 1981), that the subject order of dismissal was entered pursuant to 11 U.S.C. § 1112(b) and not 11 U.S.C. § 305(a). The latter section of the Bankruptcy Code captioned "Abstention," although applicable to Chapter 11 cases generally by reason of 11 U.S.C. § 103, should be sparingly employed and not as a mechanism for either dismissal *or* suspension of proceedings within a case "if (1) the interests of creditors and *the debtor* would be better served by such dismissal or suspension;" 11 U.S.C. § 305(a)(1) [emphasis added]. Dismissal or suspension would ordinarily be warranted under this section if another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court (e.g., assignment for benefit of creditors). Proper utilization of § 305 by the Bankruptcy Court is illustrated in 2 Collier on Bankruptcy §§ 305.02 at 305–4 (15th ed. 1981) which provides that:

> "An example of a situation in which the court might choose to dismiss or suspend a case under section 305(a) would be where an arrangement is being worked out by creditors and the debtor out of court in which there is no prejudice to the rights of creditors and an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to extract full payment. The less expensive out-of-court settlement might better serve the interest un-

der such circumstances." [footnote omitted]

Such is not the situation in the Chapter 11 case before this Court as there is no pending state court proceeding and the only forum available for relief, insofar as the debtor is concerned, is the United States Bankruptcy Court. This court never intended that § 305(a) would apply to its order of dismissal of September 27, 1981, and as is clear from the intent of § 305, this section could never have been applied in this case.

■ Furthermore, dismissal pursuant to 11 U.S.C. § 1112(b) is the specifically provided statutory mechanism, within the parameters of Chapter 11, for dismissal of the case under most circumstances. In fact, in considering dismissal pursuant to § 1112(b), the Court "may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, ..." This statutory language should be contrasted with the language of § 305(a)(1) wherein the Court must consider the interest not only of the creditors and the estate, but the debtor as well.

■ Accordingly, the Court notes and concludes that the original order of dismissal entered by this Court on September 27, 1981, for the reasons set forth above, was clearly intended to be an appealable order pursuant to § 1112(b) of the Bankruptcy Code, and not a nonappealable order pursuant to § 305(a) of the Code.

■ With reference to the remaining issue and contention of the appellant that it was deprived of a "meaningful notice and opportunity for hearing", the facts of the pending case are determinative with reference to the type of "notice and a hearing," actually required within the meaning of the Code. In this regard, 11 U.S.C. § 102(1) specifically provides that:

(1) "after notice and a hearing", or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; ..."

Based not only on the fact that the *only* creditor of the debtor was the moving party, but for the further reasons specifically set forth in this Court's findings in its order of dismissal dated September 27, 1981, evincing bad faith on the part of the debtor, and based on the emergent nature of the circumstances surrounding the hearing itself, the providing of additional notice and an additional hearing at this late date would be a futile and meaningless gesture. The record before the Court clearly indicates that the Bankruptcy Court received and heard all relevant evidence concerning the issues now on appeal.

Accordingly, for the reasons set forth above, the Court concludes that there was substantial compliance with the requirements of the notice and hearing requirement of § 1112(b). The above findings and conclusions of the Bankruptcy Court shall be transmitted forthwith to the United States District Court for purposes of the prior appeal taken from this Court's order of September 27, 1981.