**In re ARTISTS' OUTLET, INC., Debtor.**

**Bankruptcy No. 4–82–00414–G.**

United States Bankruptcy Court, D. Massachusetts.

Dec. 7, 1982.

Steven Kressler, Kressler, Kressler & Pitnof, Worcester, Mass., for plaintiff.

Nancy Jakimedes, Bowditch & Dewey, Worcester, Mass., Office of the U.S. Trustee, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER ON MOTION OF DEBTOR TO ABSTAIN FROM EXERCISING JURISDICTION

PAUL W. GLENNON, Bankruptcy Judge.

The matter came on for hearing before me on September 8, 1982. The debtor, Artists' Outlet, Inc., filed a motion to dismiss the involuntary Chapter 7 petition under 11 U.S.C. § 305(a). Hy-Jo Mfg. Imports Corporation, a creditor of Artists' Outlet holding the largest claim, and the creditor who instituted the Chapter 7 proceedings, objected to the motion of Artists' Outlet.

### FACTS

The debtor, Artists' Outlet, Inc. ("Artists' Outlet") was indebted to twenty-nine (29)

unsecured creditors in the approximate amount of $170,000. On May 27, 1982, Artists' Outlet executed an assignment for the benefit of creditors with the assent of a number of its creditors. A sale of its assets produced $20,000 ($2,000 more than the value of the assets as set by two appraisers). Tax obligations total approximately $12,000.

On June 2, 1982, Hy-Jo Mfg. Imports Corporation ("Hy-Jo") filed a creditors' petition under 11 U.S.C. § 303 seeking an order for relief as to Artists' Outlet. Artists' Outlet then filed a motion to dismiss the petition and as grounds therefore stated that under § 303 the petition required filing by three or more creditors. The motion to dismiss was heard on July 28, 1982 by which time two additional creditors, N & N Electric Co., Inc. ("N & N") and Precision Molding Co., Inc., had joined the petition. However, Artists' Outlet objected to the filing of the application by N & N as N & N had previously assented to the assignment for the benefit of creditors. The court requested that Artists' Outlet file a memorandum in support of its position; Hy-Jo was allowed an additional 24 hours to reply to Artists' Outlet's brief. Artists' Outlet filed its memorandum on July 30, 1982; Hy-Jo replied by memorandum on August 2, 1982.

As N & N withdrew as a petitioning creditor on July 29, 1982 and Trucklease Corporation joined the petition on August 2, 1982, the legal issue was mooted and the court so noted in its memorandum and order dated August 10, 1982. In that memorandum and order the court denied Artists' Outlet's motion to dismiss and suggested that a hearing would be held on a motion for abstention pursuant to 11 U.S.C. § 305(a) (raised by Artists' Outlet in its memorandum of July 30, 1982) should Artists' Outlet file the proper papers. On August 23, 1982, the motion (and supporting memorandum) was so filed. A hearing was held on September 8, 1982 at which time Hy-Jo filed a memorandum in opposition to Artists' Outlet's motion. On August 27, 1982, with the debtor's consent, the court entered an order for relief under Chapter 7 against Artists' Outlet.

For the reasons set forth more fully below, I am of the opinion that debtor's motion to abstain from exercising jurisdiction should be allowed.

## DISCUSSION

11 U.S.C. § 305(a) reads as follows: "The court, after notice and a hearing, may dismiss a case under [Title 11], or may suspend all proceedings in a case under [Title 11], at any time if—(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; . . ." The legislative history to § 305(a) provides an example of when abstention would be proper, i.e., as to when "the interests of the creditor and the debtor would be better served by dismissal of the case or suspension of all proceedings". H.R.Rep. No. 595, 95th Cong., 1st Sess. 325 (1977) and S.Rep. No. 989, 95th Cong., 2d Sess. 35–36 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5821–5822, 6281. "The court may dismiss [a case] or suspend [all proceedings in a case under 11 U.S.C. §§ 101 et seq.] for example, if an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the rights of creditors in that arrangement, and an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to extract full payment. The less expensive out-of-court workout may better serve the interests in the case." H.R.Rep. *supra* at 325 and S.Rep. *supra* at 36, U.S. Code Cong. & Admin.News 1978, pp. 5822, 6281.

 In applying § 305(a) (and the above-quoted legislative history) courts have looked to the facts of the individual cases; "[e]valuating the best interest of creditors and the debtor is a broad task which requires the consideration of many factors." *In re Sun World Broadcasters, Inc.*, 5 B.R. 719, 721, 8 B.C.D. 884 (Bkrtcy.M.D.Fla. 1980). *See also In re R.V. Seating, Inc.*, 8 B.R. 663 (Bkrtcy.S.D.Fla.1981). As a dismissal under § 305 is not appealable, application of § 305 is not to be made indiscriminately. *See In re RAI Marketing Services,*

*Inc.,* 20 B.R. 943, 9 B.C.D. 477 (Bkrtcy.D. Kan.1982) and *In re New Mexico Properties, Inc.,* 18 B.R. 936, 8 B.C.D. 1296 (Bkrtcy. D.N.M.1982).

"The first consideration is economy and efficiency of administration". *In re Sun World Broadcasters, Inc., supra;* and *In re Michael S. Starbuck, Inc.,* 14 B.R. 134, 8 B.C.D. 89 (Bkrtcy.S.D.N.Y.1981). *Cf. In re Luftek, Inc.,* 6 B.R. 539, 6 B.C.D. 1083 (Bkrtcy.E.D.N.Y.1980). In the instant case, the assignee has already liquidated the assets of the corporation. There is little money available for distribution to the unsecured creditors. The court can see no reason why protection of the bankruptcy court is *now* needed, although such protection may have been warranted prior to the sale of the assets of Artists' Outlet. At present, Hy-Jo may be in a position to look to state court for resolution of its' grievances. "Dismissal or suspension would ordinarily be warranted under [Section 305] if another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court (e.g. assignment for benefit of creditors)". *"In re Mineral Hill Corp.,* 16 B.R. 687, 688 (Bkrtcy.D.Md. 1982). See also, *In re B.D. International Discount Corp.,* 13 B.R. 635, 639 (Bkrtcy.S. D.N.Y.1981) ("[i]n the few cases arising under § 305 courts have acknowledged that abstention is appropriate where federal proceedings are not necessary to reach a just and equitable solution"); *In re Michael S. Starbuck, Inc., supra* at 135 ("there is no need to invoke the machinery of the bankruptcy process if there is an alternative means of achieving the equitable distribution of assets"); *In re WPAS, Inc.,* 6 B.R. 44, 47, 6 B.C.D. 1183 (Bkrtcy.M.D.Fla.1980) (application of § 305 "is only proper if the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves *all* interests in the case") (citations omitted); *In re Luftek, Inc., supra* at 548 (factors directing the court to abstain include "the willingness of the alleged debtor to make arrangements out of court for the repayment of its debt; the fact that some steps have been taken to effectuate such an arrangement; ...");

and *In re Nina Merchandising Corp.,* 5 B.R. 743, 747, 6 B.C.D. 910 (Bkrtcy.S.D.N.Y.1980) ("it is evident that § 305 'contemplates the instance where a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start a fresh with the federal bankruptcy process'. *In the Matter of Lang,* 5 B.R. 371 at Note 4 (Bkrtcy.S.D.N.Y.1980, Babitt, B.J.). A 'cost benefit analysis' is central to the statute").

In the instant case, were the bankruptcy court to retain jurisdiction over this case, the administrative expenses necessarily incurred in a case under Chapter 7 would deplete the already minimal assets of the estate. Thus, retention of the case would likely prejudice the rights of creditors, and defeat the clear purpose of § 305. *See In re R.V. Seating, Inc., supra; In re Bioline Laboratories, Inc.,* 9 B.R. 1013, 7 B.C.D. 948 (Bkrtcy.E.D.N.Y.1981); and *In re Luftek, supra.* In *International Shoe Co. v. Smith-Cole, Inc.,* 62 F.2d 972 (10th Cir.1933) (decided under the Bankruptcy Act), the Tenth Circuit, in affirming an order refusing to adjudge Smith-Cole, Inc., a bankrupt, and in dismissing the involuntary proceeding filed by International Shoe Co. where an out-of-court distribution had already occurred, stated: "It is apparent that this slender estate would shortly be exhausted in such extensive litigation. The proceeds of the sale, instead of going to [International Shoe] and the other creditors, would go to officers of the bankruptcy court and their counsel. The long and short of the matter is that this proceeding is aimed at a dissipation, and not the conservation of the estate of [Smith Cole, Inc.]". *Id.* at 974.

At least one court has noted that where the petition is involuntarily filed, an out of court arrangement would necessarily better serve the interests of at least the debtor. "Obviously, when the debtor is involuntarily thrown into bankruptcy during a pending out of court arrangement, the debtor's interests would be better served by allowing the debtor's choice of method to proceed; Code § 305 recognizes this approach." *In re Pine Lake Village Apartment Co.,* 16

B.R. 750, 753, 8 B.C.D. 736 (Bkrtcy.S.D.N.Y. 1982).

Only three creditors joined in the involuntary petition. Twenty-five of Artists' Outlet's creditors seemingly did not and do not now support the Chapter 7 petition (although it should be mentioned that over fifty percent of the creditors in dollar value do support it). As it appears that a clear majority (in number) of creditors are satisfied with the out of court arrangement the court further sees no benefit if it were to retain jurisdiction. *Cf. In re RAI Marketing Services, Inc., supra; In re Bioline Laboratories, Inc., supra;* and *In re Luftek, Inc., supra.*

Finally, although the facts presented do not necessarily warrant labeling Hy-Jo as a "recalcitrant creditor", the court notes that Hy-Jo and Artists' Outlet are presently engaged in state court litigation. The court in *In re Luftek, supra,* recognized the importance of examining the nature of the relationship existing between the debtor and the creditor who filed the involuntary petition, and the fact that the petitioners were involved in law suits against the debtor, *inter alia,* was held a basis for dismissal of the case.

Hy-Jo, in the course of the September 8, 1982 hearing suggested that there may have been some improprieties in the assignment for the benefit of creditors and the ensuing liquidation. In entering this order, the court does not pass on the propriety of the abovementioned events, but simply states that Hy-Jo has been the only creditor to raise this issue. In any event, Hy-Jo may assert any rights it may hold against Artists' Outlet as concerns the assignment and the sale of the assets of Artists' Outlet in state court. Any rights Hy-Jo otherwise holds are in no way affected by the entry of this order.

■ Therefore, in accordance with the above memorandum, as an out-of-court sale of the assets of Artists' Outlet has occurred producing only about $8,000 (after tax claims have been satisfied) for distribution to creditors, as no facts appear to suggest any prejudice to the rights of the creditors of Artists' Outlet, as retention of the case by the bankruptcy court would only consume the estates' assets and provide no correlative protection and as Hy-Jo and Artists' Outlet share a less than friendly relationship, it is hereby ORDERED that the motion to abstain from exercising jurisdiction over the case of Artists' Outlet, Inc. be ALLOWED.

SO ORDERED.