**In the Matter of INVESTMENT CORPORATION OF NORTH AMERICA, Debtor.**

**Bankruptcy No. 83–02246–BKC–JAG.**

United States Bankruptcy Court,
S.D. Florida.

April 10, 1984.

William S. Cassel, Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, Fla., for petitioning creditors.

Melvin Schwartz, Baskin & Steingut, P.A., Boca Raton, Fla., for Inv. Corp. of North America.

## ORDER DISMISSING INVOLUNTARY CASE

JOSEPH A. GASSEN, Bankruptcy Judge.

Upon motion of the Court, an evidentiary hearing was held on March 12, 1984 to consider abstention or dismissal of this proceeding pursuant to 11 U.S.C. Sec. 305(a)(1), and due notice of said motion having been given by mail to the debtor and petitioning creditors, and after hearing the evidence presented by debtor and petitioning creditors, the Court is of the opinion that abstention would best serve the interests of the creditors and the debtor, the bases of the Court's decision being:

The debtor has made arrangements, out of court, with many creditors as to past due obligations. (See, House Report No. 95–595, 95th Cong., 1st Sess. (1977) 325; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 35, U.S.Code Cong. & Admin.News 1978, p. 5787.) In addition to the out-of-court arrangements between the debtor and creditors, other creditors

who have obtained judgments against debtor have not sought execution upon those judgments and have been content to have their judgments of record and to work out suitable arrangements for the payment of said judgments. No additional creditor has supported the involuntary petition. Furthermore the prospects of the alleged debtor's business seem to be improving. The evidence presented disclosed the benefits that will result from accreditation including substantial increase in enrollment due to the availability of federal loan funds. The evidence presented further disclosed that a Chapter 11 proceeding makes it a virtual impossibility to obtain accreditation. The alleged debtor has also made arrangements for accounts receivable financing and VA approval, both of which would be of substantial benefit to the alleged debtor and to all creditors.

The Court is of the opinion that Liss is comparable to the "recalcitrant" creditor described in the legislative history of § 305(a)(1). The circumstances herein are similar to the case of, *In re Win-Sum Sports, Inc.,* 14 B.R. 389 (U.S.Bkrtcy.Ct.D. Conn.1981). In *Win-Sum,* the involuntary Chapter 11 petition was filed by three petitioning creditors at the request of a Win-Sum stockholder, Benson, after negotiations for a stock transfer broke down. In the case at hand, we had three different entities as petitioning creditors, but Liss is the individual or controlling shareholder with respect to each of the petitioning creditors. Both Benson, in *Win-Sum,* and Liss, in the case at hand, had been active in the management of the alleged debtor's business and sought to gain control of the alleged debtor's business.

For abstention purposes, pursuant to § 305(a)(1), the motivation of the petitioner becomes significant. *Win-Sum, Id.* at 394. There existed a personal relationship between Liss and Mrs. Kaufman, the principal of the debtor. While this relationship existed, Liss had assumed a dominant role in the operation of the business. During this period Liss advanced substantial sums and subsequently obtained promissory notes payable to the petitioning creditors (on two different occasions). There was also evidence of Liss's attempt to have controlling stock issued to his designees. Upon the cessation of this personal relationship, Liss filed actions in the State Court seeking the repayment of alleged loans to the debtor. The issues regarding debt repayment and stock issuance could be litigated in the appropriate State Court forum. However, Liss chose to allow the State Court actions to lie dormant in favor of using the Bankruptcy Court as the vehicle to resolve these issues. As was the case in *Win-Sum,* it is evident that Liss was using the Bankruptcy Court proceeding as an alternative to pre-existing State Court proceedings to resolve intra-company management and stockholder problems. Further evidence of this intent is the fact that the business does not appear to be in any worse financial condition than it was when Liss had primary management responsibility.

The facts that the petition was filed by a few disgruntled creditors without any support from additional creditors, the apparent motivation of the petitioning creditors (obtaining control of the debtor's business), the existence of pending State Court actions, the arrangements made out-of-court by the debtor and numerous creditors, and the promising prospects for the viability of the debtor's business, lead to the conclusion that it would be in the best interest of the debtor and all of the creditors to abstain in this case.

By reason of the foregoing the Court does hereby abstain and this case is dismissed pursuant to 1 U.S.C. § 305(a)(1).