**In re BEACON REEF LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 84–00806–BKC–JAG.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 24, 1984.

William Knight Zewadski, Tampa, Fla., for alleged debtor.

John L. Britton, Fort Lauderdale, Fla., for secured creditor.

Robert N. Gilbert, Miami Fla., and Donald V. Jernberg, Chicago, Ill., for petitioning creditor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOSEPH A. GASSEN, Bankruptcy Judge.

THIS CAUSE came on to be heard on the Involuntary Petition filed by the sole limited partner of Beacon Reef Limited Partnership, Dr. Wulsin, pursuant to an Involuntary Petition under § 303 of the Bankruptcy Code, filed April 30, 1984. Trial in this cause was held August 22, 1984 and August 24, 1984.

Two of three general partners of Beacon Reef Limited Partnership, namely Peter Peggs and Peter Hutchings, have moved the Court for dismissal of the involuntary petition herein, or alternatively to abstain pursuant to the provisions of § 305 of the Bankruptcy Code.

An objection to the jurisdiction of the Bankruptcy Court was asserted at preliminary hearings in this case and in various pleadings. Jurisdiction is objected to under the Bankruptcy Code as it existed on April 30, 1984, during the period during June and July, 1984 when Congress failed to extend the prior jurisdictional provisions and under the Amendments to the Bankruptcy Code, effective July 10, 1984 as to jurisdiction. As announced orally at trial, the Court denies the motion to dismiss for want of jurisdiction. In light of the determination made by the Court that abstention is appropriate as to the case, a detailed consideration of the defending debtors' arguments need not be set forth.

This Court considered the debtor's contention that Dr. Wulsin, as the sole limited partner in the Limited Partnership of Beacon Reef, is not a "creditor" as required by § 303 the Bankruptcy Code and is therefore ineligible to bring an involuntary petition. It is urged that Dr. Wulsin's claim does not fall within the definition of § 101(4) as a "right to payment" but is instead the interest of "an equity security holder" under § 101(15) which includes "an interest of the limited partner in a limited partnership." No binding case authority has been cited to the Court to show that a limited partner for that reason alone does or does not qualify as a creditor holding a claim. It is true that the Code makes precise references to a general partner as a qualified involuntary petitioner and excludes limited partners, but this is not dispositive of the issue. The debtor also asserts that the mortgage held by Dr. Wulsin secures only a contribution to the Limited Partnership as a capital contribution and does not represent a debt of the partnership or a "right to payment." The article cited to the Court, Kennedy, "Partnerships and Partners under the Bankruptcy Reform Act and the New (Proposed) Bankruptcy Rules," 27 St. Louis L.R. 507, recognizes that a limited partner holding a separate claim may be a petitioning creditor, not as a limited partner as such, but where such a limited partner is a claimant. Alternatively, the debtor asserts there are two grounds upon which the case fails to qualify as a proper involuntary petition. It is asserted that Dr. Wulsin does not qualify as a petitioning creditor, because his capital contribution is contingent on there existing a surplus of available funds following a sale or distribution of the property. It is claimed that he does not qualify under § 303 of the Bankruptcy Code as a petitioning creditor because the claim of a petitioning creditor cannot be "contingent as to liability." *In re McMeekin and Shoreham*, 16 B.R. 805, 5 C.B.C.2d 1424 (Bankr. D.Mass.1982); *In re Duty Free Shop*, 6 B.R. 38 (Bankr.S.D.Fla.1980). Under this view, Dr. Wulsin's claim for distribution under Article 3 of the Partnership Agreement occurs only at sale or refinancing after payment of all debts of the property and occurs only upon "liquidation of the partnership" Article XI(d). The contingency is also said to exist under the provisions of Massachusetts Revised Uniform Limited Partnership Act, Chapter 109, effective before the Partnership Agreement was entered into. Any distribution under that statute occurs only if assets at distribution

exceed "all liabilities of the Limited Partnership" § 37.

Secondly, the debtors contend Dr. Wulsin cannot qualify as a single petitioner in this case, because at the time of the filing of this case there were 12 or more non-contingent claimants in existence. Where there are 12 or more creditors existing as of the date of the involuntary petition, the Bankruptcy Code requires that three creditors must join in the petition pursuant to § 303(b). The tax collector, holds claims for both real property taxes and possibly tangible personal property taxes, also qualifies as an outstanding claimant as of the date of the petition. The Court is not persuaded that a small claim may be disregarded as de minimus, nor is the Court willing to discount the professional claims of accountants or attorneys.

However, the status of the several other claims is the subject of disputed and often unclear proof by both parties. The agency relationship of F.R.G. Realty which administered certain of these claims with the debtor was changed in early 1984 thereafter and the creditors were referred directly to the debtor in Boston for payment. Some bills were paid directly out of a Beacon Reef account maintained in Islamorada where the condominiums are located and the remainder was handled directly on behalf of the partnership by the general partners and by others under their direction from in Boston. Certain of the accounts continued to bear the designation of F.R.G. Realty.

The Court attaches no importance to the debtor's failure to file a list of creditors under Rule 1003(d), because the petitioning creditor had ample access prior to trial the names and addresses of all creditors claimed to have existed as of the date of filing and did not seek to join any of those creditors in his petition. No pretrial motion to require such a listing was timely made herein.

The testimony and record confirms that virtually all creditors existing as of the date of the petition were satisfied by subsequent payments except possibly a car-

pet claim. There is no showing that property of the estate was used to satisfy these pre-petition claims, and therefore the applicability of § 549 to void those post-petition payments of pre-petition debts or disqualify those claims from consideration under § 303 does not appear. There is also no showing if such claim's payment were voidable under § 549, that the claimants would not thereupon become entitled to a lien on the property for preservation of the property under § 550(d). There is no challenge to the good faith receipt of such payments by the recipients and therefore, many of those challenged under § 549 must be counted as claimants for purposes of § 303(b)(2). The debtor also contends it is generally paying its debts as they come due except for two mortgages which it is attempting to renegotiate. Against this backdrop of sharply contested claims and disputed proof, the Court has considered the circumstances, the demeanor of the witnesses, the testimony of the partnership's accountant, the access of the parties to a pending state foreclosure forum, the small number of remaining creditors, and the necessary complexities of the bankruptcy process. In light of these considerations, the Court has determined to abstain from the case under § 305 of the Bankruptcy Code.

The Court finds that the involuntary petition amounts to no more than a claim made by a single disgruntled investor. See, *In re Artists Outlet*, 25 B.R. 231, 7 C.B.C.2d 928 (Bankr.D.Ma.1982); *In re Win-Sum Sports*, 14 B.R. 389, 5 C.B.C.2d 248 (Bankr. D.Ma.1981); *In re G-Z Realty Trust*, (Bankr.D.Ma.1980).

This Court also determines that abstention is appropriate as to this case pursuant to § 305 for the reason that this dispute is primarily only between the two general partners remaining active in the partnership and the single investor who is the sole limited partner. There are adequate remedies at state law to raise defenses in the pending foreclosure proceedings and as between the parties to the partnership agreement. The inadequacy of state law to deal with the relationships between the parties

has not been made to appear. There are now no other directly affected creditors who might qualify as petitioning creditors other than Dr. Wulsin who claim or need the protection of the Bankruptcy Court. Palmetto Federal and the 600 Group have appeared in this proceeding and have been permitted to proceed in state court upon the lifting of the automatic stay. The tax collector's claim is secured by assets of the partnership so far as appears, and the claim of Las Olas Interiors may be contingent upon the further delivery of carpeting, although that fact was not established by the Petitioner. This analysis reveals therefore that Dr. Wulsin is the sole remaining unpaid creditor in the proceeding who might qualify as an involuntary bankruptcy petitioner. Accordingly, his remedies lie in a State forum and no other notice of the debtor's motion for abstention need have been given pursuant to § 102(1) of the Bankruptcy Code or under Bankruptcy Rule 2002(a), and Rule 1017(c), since Dr. Wulsin was already present at the time of the request for abstention.

The sometimes cumbersome mechanism of the Bankruptcy process is not essential for justice to be accorded to Dr. Wulsin. For all of these reasons, the Court finds it appropriate that it abstain as to this case.

A separate Order on the Motion To Abstain will be entered separately, together with a Final Judgment consistent with these findings and conclusions. The dismissal and abstention so ordered shall be without prejudice to a later voluntary or involuntary petition if circumstances change and the requisites of the Bankruptcy Code are met.