**In re Howard L. KASS, Debtor.**

**Bankruptcy No. 90–20408–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

May 11, 1990.

Marte V. Singerman, Schantz, Schatzman & Aaronson, Miami, Fla., for debtor.

Samuel L. Heller, Ft. Lauderdale, Fla., for petitioning creditors.

### ORDER DISMISSING PETITION

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came on before the Court on April 11, 1990 on Howard L. Kass' Motion to Abstain, Motion to Dismiss and Motion for Judgment Under 11 U.S.C. Section 303(i), which was filed in response to the involuntary petition which commenced these proceedings. The Court having reviewed the file, including the parties' pretrial stipulation and exhibits, heard the arguments of counsel, and being otherwise duly advised in the premises, does hereby make the following findings of fact and conclusions of law:

1. This involuntary petition arises from a dissolution of marriage proceeding. The petitioning creditors are the alleged debtor's ex-wife, three (3) attorneys and one (1) accountant who provided services to the alleged debtor's ex-wife relating to the divorce proceeding. All their claims result from services rendered in the dissolution proceedings below or in related State Court litigation. It is essentially a two-party dispute. No creditors whose claims are unrelated to the dissolution proceeding have joined in the petition.

2. Pursuant to the Stipulation and Exhibits filed by the parties, the alleged debtor's non-exempt assets are minimal. The Court notes that the petitioning creditors allege that the alleged debtor has additional assets in the form of claims for avoidable transfers. However, the Court finds that these claims have been alleged in various State Court proceedings below and are, in fact, the basis of existing litigation. Petitioning creditors' argument that they have been frustrated in the litigation, have been unable to obtain production of all

requested documents and have problems proceeding against a non-Florida resident do not constitute a basis for the entry of the Order for Relief in this matter since all these concerns can be addressed in the pending State Court litigation.

3. Under 11 U.S.C. Section 305, the court may dismiss a case if the interests of the creditors and the debtor would be better served by dismissal. The Court may consider a variety of factors in determining whether to dismiss the case. Such dismissal will be granted where the petitioning creditors are attempting to use the Bankruptcy Court as an alternative to proceeding with pending State Court litigation to resolve what is essentially a two-party dispute. *See Matter of Win–Sum Sports, Inc.,* 14 B.R. 389 (Bktcy.D.Conn.1981); *Matter of Investment Corporation of North America,* 39 B.R. 758 (Bktcy.S.D. Fla.1984). Dismissal should be granted where the Court finds that the petitioning creditors have adequate State law remedies. *In re Beacon Reef Limited Partnership,* 43 B.R. 644 (Bktcy.S.D.Fla.1984).

4. The petitioning creditors have adequate State law remedies. The petitioning creditors have argued that one purpose for filing this proceeding is to relieve their frustration in the pending State Court litigation. While that is unfortunate, it is not a criterion for succeeding on an involuntary petition in bankruptcy. The creditors are attempting to use this Court and this proceedings to solve what is essentially a two-party dispute. They can obtain sufficient relief in the pending proceedings filed in the State Court. This Court will not act as a super-appellate court. The interests of *all* the creditors and the debtor will be better served by dismissing this case.

5. Entering the Order for Relief in this involuntary proceeding would be similar to denying the creditors' Motions to Dismiss in *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988) and *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir. 1984). In those cases the debtors improperly sought to have the Bankruptcy Court resolve what were, in essence, two party disputes which were more properly decided in previously pending proceedings. Here the creditors have filed the instant petition in an attempt to resolve their two-party dispute with the Debtor. These creditors' claims should be resolved in the pending State Court actions; not in this Court.

6. The petitioning creditors have asserted that this Court should take jurisdiction over this matter pursuant to *In re R.V. Seating, Inc.,* 8 B.R. 663 (Bktcy.S.D.Fla. 1981). That court stated that a sole creditor would be entitled to prevail in an involuntary case if he could establish: 1) that the creditor cannot obtain adequate relief in a nonbankruptcy forum and the debtor has failed to meet repeated demands of the creditor, 2) there are special circumstances, i.e. fraud being committed by the debtor, which illustrate the need for the bankruptcy court to take jurisdiction, or 3) the petitioning creditor has attempted to use proceedings supplementary in aid of a State Court judgment but was unable to locate any assets that could be liquidated to pay his claim.

7. In this case, the petitioning creditors have failed to fulfill any of these three requirements. Counsel's arguments and the evidence provided by the parties illustrate that there is pending State Court litigation in which these creditors' claims have been raised which will entitle them the opportunity to obtain appropriate relief. There are no special circumstances which mandate the need for this Bankruptcy Court to take jurisdiction. Finally, the petitioning creditors assert that they have located assets which could be liquidated and these claims are the subject of the State Court proceedings.

By reason of the foregoing, this case is dismissed. The Court retains jurisdiction to award attorneys' fees and costs to Howard L. Kass, as appropriate.

DONE and ORDERED.