**In re EBERHART MOVING & STORAGE, LTD., Debtor.**

**Bankruptcy No. 90–05500.**

United States Bankruptcy Court, D. North Dakota.

Sept. 28, 1990.

Timothy P. Hill, Fargo, N.D., for Ruan Leasing Co.

Lowell Bottrell, Fargo, N.D., for Eberhardt Moving & Storage.

## MEMORANDUM AND ORDER

BENSON, Senior District Judge.

Before the court is a contested petition to commence an involuntary Chapter 7 bankruptcy proceeding. Ruan Leasing Company (Ruan) filed the involuntary petition against Eberhart Moving & Storage, Ltd. (Eberhart) on June 18, 1990. Ruan was the sole petitioning creditor. In its petition, Ruan averred, *inter alia*, that it was "without knowledge of creditors exceeding eleven in number." Eberhart filed a timely answer in which it alleged, *inter alia*, that the petition was filed in bad faith; that Eberhart had substantially more than twelve creditors; and that Ruan knew or should have known there were more than twelve creditors but failed to have other creditors join in the petition. Eberhart moved to dismiss the petition and requested costs, attorney's fees, and proximate and punitive damages pursuant to section 303(i) of the Bankruptcy Code.

Thereafter, three additional creditors, Nelson International, Walt's Body Shop, and Duane Overbeck, joined in the petition pursuant to section 303(c) of the Bankruptcy Code. Nelson International attempted to withdraw its joinder, but Ruan filed an objection to the attempted withdrawal. Eberhart then filed an objection to the joinder of Walter Smith (Walt's Body Shop) [1] and Duane Overbeck on the grounds that the petition was initially filed in bad faith and could not be cured by the joinder of additional creditors.

If a debtor has twelve or more creditors, section 303(b) of the Bankruptcy Code requires at least three creditors to file the petition to commence an involuntary bankruptcy.[2] It is clear that a single creditor who files an involuntary petition in good faith and with the belief that the debtor has less than twelve creditors, when in fact twelve or more creditors exist, may cure the petition's defect by joining additional creditors pursuant to section 303(c) of the Bankruptcy Code. *See Basin Elec. Power Coop. v. Midwest Processing Co.,* 769 F.2d 483, 486 (8th Cir.1985); *see also* 11 U.S.C. § 303(c) (1979) (providing that a creditor who is allowed to join in the petition after the petition is filed, but before the case is dismissed or relief is ordered, will be treated as though he had been a petitioning creditor at the time the petition was initially filed). However, it is equally clear that a single creditor who files an involuntary petition in "bad faith" will not be permitted to cure the petition's defect by joining additional creditors. *See Basin,* 769 F.2d at 486 ("An essential prerequisite for allowing joinder of additional creditors to cure a defective petition is that the petition was filed in good faith." (citations omitted)). Although the parties dispute the proper definition of "bad faith," this court holds that bad faith is present when a creditor who *knew or should have known* that the debtor had twelve or more creditors files an involuntary petition as the sole petitioning creditor. The court's conclusion that bad faith may be established by reference to either a subjective or an objective standard is based upon the language and the context of the Eighth Circuit Court of Appeals' opinion in *Basin Electric Power Cooperative v. Midwest Processing Co.,* 769 F.2d 483 (8th Cir.1985). *See Basin,* 769 F.2d at 486 ("The court noted, 'There simply was no evidence that appellee knew or should have known that there were twelve or more creditors.'" (quoting *In re*

---

1. The file shows that Walter Smith joined pursuant to § 303(c) as the owner of Walt's Body Shop.

2. Ruan suggests that there is an exception to the three creditor requirement if the debtor is perpetrating "fraud, trick, artifice, or scam." *See In re Kass,* 114 B.R. 308, 309 (Bankr.S.D.Fla. 1990); *see also In re R.V. Seating, Inc.,* 8 B.R. 663, 665 (Bankr.S.D.Fla.1981). However, neither *Kass* nor *R.V. Seating* discusses the jurisdictional three creditor requirement or the issue of whether a special circumstance such as fraud would provide an exception to the three creditor requirement. *See id.* (special circumstances such as fraud, trick, artifice, or scam may entitle a creditor to prevail *on the issue of whether the debtor is generally not paying its debts* pursuant to section 303(h)(1) of the Bankruptcy Code).

*Crown Sportswear, Inc.*, 575 F.2d 991, 994 (1st Cir.1978))). To conclude otherwise would fly in the face of logic. If a debtor were limited to the subjective standard in the proof of bad faith, the section 303(b) requirement of the Bankruptcy Code would lose its deterrent effect. *See Basin,* 769 F.2d at 486–87. It would encourage petitioning creditors to avoid or deny knowledge of the existence of other creditors.[3]

■ The limited issue now before the court is whether Ruan knew or should have known that Eberhart had twelve or more creditors at the time the involuntary petition was filed. The burden is on Eberhart. *See Basin,* 769 F.2d at 486. Ruan denies knowledge.

■ Following hearing the court finds that Eberhart has failed to produce sufficient evidence to prove that Ruan had actual knowledge of the existence of twelve or more creditors on June 18, 1990. However, the court finds Eberhart has produced sufficient evidence to prove that Ruan should have known of the existence of twelve or more creditors on June 18, 1990.

The court finds that Ruan made no attempt to ascertain the number of Eberhart's creditors as of June 18, 1990, other than a reference to a December 1989 Dun & Bradstreet report in its file. Although a cursory investigation does not indicate bad faith as a matter of law, the court must consider the facts before it. *In re Godroy Wholesale Co., Inc.,* 37 B.R. 496, 500 (Bankr.D.Mass.1984). Ruan's director of corporate credit, William Sanders, testified that the December 1989 Dun & Bradstreet report indicated nine potential creditors. Sanders further testified that the report indicated Eberhart leased its office building. Sanders testified that he was aware Ruan required Eberhart to keep insurance policies on the trucks; he was aware Eberhart had an ongoing relationship with the Charles Bailly accounting firm; and he was aware Eberhart had utilized the services of the Crockett & Anderson law firm in a June 14, 1990 state court proceeding in which Ruan was also involved.

The court finds that given the contents of the December 1989 Dun & Bradstreet report and the circumstances known by Ruan on June 18, 1990, a reasonable creditor would have made additional inquiries to determine whether twelve or more creditors existed. The record shows a current Dun & Bradstreet report could have been obtained in a matter of minutes for approximately thirty dollars. Ruan made no attempt to obtain a current report. Nor did Ruan run a UCC–11 search. Sanders testified that he did not contact the debtor nor its attorneys nor did he contact anyone employed by Ruan who might have had information regarding Eberhart's operations. Sanders also testified that an inquiry would not have disclosed additional creditors. The record in the case discloses the existence of over fifty creditors on June 18, 1990. Sanders' suggestion that a reasonable inquiry would not have uncovered additional creditors is not credible. Sanders' testimony that it was not reasonable to assume additional creditors might have existed is also not credible. Ruan's allegation that it was without knowledge of creditors exceeding eleven in number was recklessly made. Ruan was indifferent as to whether Eberhart had twelve or more creditors.

IT IS ORDERED Ruan's petition is dismissed. Eberhart's section 303(i) request for relief will be brought on for hearing on a date to be determined.

---

**3.** This court's conclusion is also supported by rule 9011 of the Rules of Bankruptcy Procedure. *See* R.Bankr.P. 9011 ("The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.").