In re McCANN BROS. ICE CO.

(District Court, E. D. Pennsylvania. June 26, 1909.)

No. 3,190.

1. BANKRUPTCY (§ 228*)—DECISION OF REFEREE—REVIEW—OBJECTIONS TO EV-IDENCE.

An objection to certain evidence, not made before the referee in bankruptcy, could not be considered on review of the decision on certificate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 228.*]

2. BANKRUPTCY (§ 228*)—REFEREE'S DECISION—REVIEW.

Decision of a referee in bankruptcy on a question of fact on conflicting evidence will not be disturbed on a certificate to the District Judge, except for plain mistake.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 228.*]

In Bankruptcy.

Robert J. Byron, for executors of estate of Joseph McCann.

G. Von Phul Jones, for trustee.

J. B. McPHERSON, District Judge. As the testimony clearly disclosed, the affairs of the partnership known as McCann Bros. (which is also in bankruptcy) and of the corporation known as McCann Bros. Ice Company were so confused that it is by no means easy to decide with confidence whether the money that was lent by the estate of Joseph McCann was borrowed by the partnership or by the corporation. A large fraction of it was undoubtedly used by the corporation; but this fact does not of itself decide the question: Which was the borrower? The referee's conclusion that the money was lent to the partnership, and not to the corporation, and therefore that the claim of Joseph McCann's executors against the ice company cannot be sustained, is based in part upon the entries in the books of the ice company and in the books of the partnership; and objection is now made that these books were not competent evidence against the decedent's estate, in the absence of proof that he had knowledge of the entries that were offered to affect the executors' claim. The objection cannot be considered, however, for the plain reason that it was not made before the referee. The books of both concerns were treated by all parties as important and competent evidence, and a large part of the testimony that was taken is occupied with the entries therein; no objection whatever having been made by any person to their admission or their relevancy. Moreover, the most significant books—the respective cashbooks of the partnership and of the corporation—were formally offered in evidence (Notes, page 67) by the attorney for the executors who is now objecting to their competency. Obviously, these inconsistent attitudes cannot be successfully maintained.

Apart from this question, the case presents the familiar situation of a conflict of evidence—much of it from the mouths of witnesses who appeared before the referee—which has been settled by the findings of fact. The courts have often said that such a finding should not be

disturbed, except for plain mistake; and in following that rule upon the present occasion I need only add that I have examined all the evidence that was before the referee, without being able to determine that he has come to the wrong conclusion.

The two orders of the referee (David W. Amram, Esq.), dated June 3, 1909, are affirmed.