**In the Matter of S. P. NELSON & SONS, INC., Bankrupt.**

**CINCINNATI WINDOW CLEANING CO. et al., Appellants,**

**v.**

**Thomas B. WALKER, Trustee in Bankruptcy, Appellee.**

**No. 18798.**

United States Court of Appeals, Sixth Circuit.

Aug. 29, 1969.

Albert Spievack, Cincinnati, Ohio, for appellants.

Edward R. Dorr, Cincinnati, Ohio, for appellee.

Before PHILLIPS, McCREE, and COMBS, Circuit Judges.

## ORDER

This is an appeal from an order of the district court confirming the order of the referee fixing fees and authorizing payment of other administration expenses in a voluntary bankruptcy proceeding.

The bankrupt was engaged in the business of wholesale distribution of children's wear. Following the filing of his petition and the adjudication, a receiver was appointed and the same person was later appointed trustee; also the same attorney was appointed counsel for the receiver and trustee.

The book value of the bankrupt's assets aggregated approximately $232,-000.00. The amount of $207,000.00 was realized from these assets. The claim of a bank in the amount of $90,000.00 was secured by a mortgage on real estate of the estimated value of $150,000.00. The claims of some 250 unsecured creditors amounted to approximately $205,000.00. Approximately $120,000.00 of this amount was owed to the bank which held the mortgage.

It was necessary, among other things, to collect accounts receivable; to sell the mortgaged real estate, as well as certain personal property; and to dispose of a life insurance policy owned by the bankrupt.

The appeal here was handled by the attorney for twenty-five unsecured creditors and he objected principally to the allowance of the maximum fee to the person who served as receiver and trustee for his services in each capacity, to the allowance of attorney fees to the lawyer who served the receiver-trustee in both capacities, and to the auctioneer's fee.

The receiver-trustee's compensation was fixed at a total of $4,700.10; the attorney for the receiver-trustee was allowed $16,700.00; the auctioneer who sold the real estate and personal property was allowed $1,500.00 for expenses and $8,400.00 commission.

The cost of administration appears at first blush to be high but careful examination of the record reveals that there is substantial evidence to support the findings of the referee. We have held consistently that the findings of fact by a referee in bankruptcy will not be reversed unless they are clearly erroneous. Albert Harris, Inc. v. Woodward, 313 F.2d 447 (6 Cir., 1964); Rule 52(a), Federal Rules of Civil Procedure.

Moreover, the separate actions of the referee were reviewed and approved on three different occasions by the district judge. Judge Hogan has filed a carefully written memorandum opinion and order giving valid reasons for his confirmation of the referee's findings. We said in Cunningham v. Elco Distributors, 189 F.2d 87, 88–89 (6 Cir., 1951), "No principle has been more firmly established in this circuit than that concurrent findings of the referee in bankruptcy and the district judge are not to be set aside, except upon clear demonstration of mistake."

The judgment is affirmed.