### In re DUTY FREE SHOPS CORPORATION, Debtor.

### Bankruptcy No. 80-00669-BKC-TCB.

United States Bankruptcy Court, S. D. Florida.

July 31, 1980.

Mitchell D. Aronson, for debtor.

Stephen F. Kessler, Neil J. Berman, Miami, Fla., for petitioning creditors.

THOMAS C. BRITTON, Bankruptcy Judge.

## MEMORANDUM DECISION ON INVOLUNTARY PETITION

This involuntary petition was filed under chapter 7 of the Code. (C.P. No. 1) The alleged debtor has answered, has moved for dismissal of the petition and asks for its costs and attorneys' fees. (C.P. No. 13) The matter was tried on July 24, 1980. This order incorporates my findings and conclusions as authorized by B.R. 752(a).

There are three petitioning creditors: J & S Importing Co. Inc., with a claim of $6,803; Pillar, Inc., with a claim of $7,732; and Felco, Inc., with a claim of $9,809. The claims, all for goods sold and delivered to the alleged debtor, are unsecured and total $24,344.

The alleged debtor claims that J & S Importing Co. or Inc., does not meet the requirements of 11 U.S.C. § 303(b)(1), because its debt is disputed and the subject of a pending suit. I disagree. Section 303(b)(1) requires that each petitioner hold a claim that is "non–contingent as to liability." The fact that the alleged debtor disputes about half of the claim and asserts a counterclaim does not make the claim "contingent." If it did, any debtor could defeat any involuntary petition merely by refusing to concede the claim. A contingent claim is one which may arise upon the occurrence of a future event. *Collier on Bankruptcy* (14th ed.) ¶ 63.30. This claim is not contingent.

The petition meets the requirements of 11 U.S.C. § 303(b)(1).

The only remaining issue here is whether the debtor at the time the petition was filed (June 5, 1980) was generally paying its debts as they became due. 11 U.S.C. § 303(h)(1). At that time, the debtor owed its trade creditors $419,000. Payment terms on its accounts were typically net 30 days. Its records reflect delinquent

accounts for some 50 creditors, representing seventy percent of the debtor's suppliers and almost all of its suppliers who gave credit. Most of these accounts had been outstanding and unpaid for over ninety days on June 5, 1980. Several suits had been filed on larger accounts.

 The debtor concedes that he was slow in making payments but argues that he was making partial payment on most of his accounts right up until the time the petition was filed. Unilateral partial payment on overdue accounts is insufficient to defeat and does not defeat an involuntary petition under the Code. The Code adopts the equity insolvency test, *Collier on Bankruptcy* (15th ed.) ¶ 303.11[1], which makes timeliness of payment the issue. 11 U.S.C. § 303(h)(1). Absent an agreement for extending payment terms on an account, partial payments do not prove solvency. The evidence before me does not support any finding that extensions were granted generally on these delinquent accounts. I find and conclude that as of the date of the petition, the debtor was generally not paying its debts as they became due.

 It may well be, as debtor argues, that the creditors would get more from debtor's voluntary effort to pay its bills than they will get from liquidation. If so, the Code does not make relief discretionary and it cannot be denied on this account.

As is required by B.R. 921(a) and Interim Rule 1009(c), a separate order for relief against the above-named debtor will be entered, following Interim Form No. 11.