In re Charles M. McNEIL, Debtor.

(Charles M. McNEIL, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.)

No. CIV-2-81-33.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 5, 1981.

John S. McLellan, Jr., Joseph O. Fuller, and I. T. Collins, Jr., Kingsport, Tenn., for Charles McNeil.

W. Carr Hagan, Jr., Kingsport, Tenn., for U.S.F. & G.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an appeal by the debtor Mr. Charles M. McNeil from the order of a bankruptcy judge of this district granting the petition of United States Fidelity & Guaranty Company (USF&G) for involuntary relief under chapter 7 of the Bankruptcy Act, 11 U.S.C. § 303. The sole issue on appeal is whether the bankruptcy judge erred in concluding that USF&G's claim against Mr. McNeil was " * * * not contingent as to liability * * *," as required by 11 U.S.C. § 303(b)(1).[1] This Court finds no merit in the contention of Mr. McNeil that USF&G's claim was "contingent".

The bankruptcy judge found that on August 1, 1973, Cassel Brothers, Inc. (Cassel

Brothers), of which corporation the debtor was the president and principal stockholder, and Mr. McNeil, in his individual capacity, executed a master surety-agreement thereby agreeing to indemnify USF&G for all liabilities, losses and expenses sustained or incurred as a result of its issuance of bonds on behalf of Cassel Brothers; that Cassel Brothers and Mr. McNeil further obligated each of themselves to pay any premiums charged by USF&G for writing such bonds; that Cassel Brothers defaulted on its obligations on certain construction projects; that, upon such default, USF&G paid, pursuant to the terms of the bonds written on behalf of Cassel Brothers, a net amount of $3,296,-527.57; that, on certain of such construction projects, USF&G may receive as salvage an amount not exceeding $104,000, so that Cassel Brothers was then indebted to USF&G in the amount of $3,192,527.57; that, under the terms of such master surety-agreement, Mr. McNeil's liability to USF&G was exactly the same, Cassel Brothers having failed to pay any part of the obligation; and that Cassel Brothers and Mr. McNeil were further indebted to USF&G for bond premiums in the aggregate amount of $26,997.

None of the foregoing findings of fact are disputed on this appeal. They are not clearly erroneous. *See In Re S. P. Nelson & Sons, Inc.*, C.A. 6th (1969), 426 F.2d 235, 236 [1], certiorari denied *sub nom. Cincinnati Window Cleaning Co. v. Walker* (1970), 397 U.S. 1038, 90 S.Ct. 1359, 25 L.Ed.2d 650, rehearing denied (1970), 398 U.S. 944, 90 S.Ct. 1836, 26 L.Ed.2d 282. This Court cannot disturb such findings, since there is not presented herein " * * * 'most cogent evidence of mistake or miscarriage of justice.' * * * " *Slodov v. United States*, C.A. 6th (1977), 552 F.2d 159, 162[1], quoting from *McDowell v. John Deere Industrial Equip. Co.*, C.A. 6th (1972), 461 F.2d 48, 50.

Neither did the bankruptcy judge commit an error of law. To have qualified as a petitioning creditor, USF&G must have

---

1. It is not clear that Mr. McNeil ever raised this issue in the Bankruptcy Court. *See In Re McCann Bros. Ice. Co.*, D.C.Pa. (1909), 171 F. 265. Nevertheless, since his position is wholly without merit, this Court will consider it even though it might not have been raised properly before.

been the holder of a claim against Mr. McNeil which was " * * * not contingent as to liability * * *." 11 U.S.C. § 303(b)(1). Mr. McNeil appears to contend that, before USF&G's claim against him would have been " * * * not contingent as to liability * * *," certain pending litigation pending between these parties must have been reduced to judgment.[2] It is clear, however, that " * * * [t]here was no need for [USF&G] to obtain a judgment against [Mr. McNeil] before it could achieve the status of a petitioning creditor * * *."[3] *Crateo, Inc. v. Intermark, Inc.*, C.A. 9th (1976), 536 F.2d 862, 867[5], certiorari denied (1976), 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180; *accord Denham v. Shellman Grain Elevator, Inc.*, C.A. 5th (1971), 444 F.2d 1376, 1380[4]; *In Re Walton Plywood*, D.C.Wash. (1964), 227 F.Supp. 319, 324–325[6.7].

The fact that Mr. McNeil disputes USF&G's claim and has asserted a counter-claim against it " * * * does not make the claim 'contingent'. If it did, any debtor could defeat any involuntary petition merely by refusing to concede the claim. * * " *In Re Duty Free Shops Corp.*, Bkrtcy., D.C. Fla. (1980), 6 B.R. 38, 39[1]; *see Matter of Hill*, Bkrtcy., D.C.Minn. (1980), 5 B.R. 79, 82[1]. " * * * A contingent claim is one which may arise upon the occurrence of a future event. * * *" *In Re Duty Free Shops Corp., supra*, 6 B.R. at 39[2].

Here, however, all events giving rise to the claim of USF&G against Mr. McNeil under the master surety-agreement had occurred: Cassel Brothers had defaulted on its obligations; USF&G had paid definite sums in satisfaction of those obligations;[4] and, under the plain terms of the pertinent master surety-agreement, Mr. McNeil had become obligated to indemnify USF&G for those amounts. Wholly apart from USF&G's claim for indemnity, Mr. McNeil was indebted to USF&G in an amount ex-

ceeding $5,000, *see* 11 U.S.C. § 303(b)(1), for unpaid bonds-premiums.

Not finding that the bankruptcy judge committed an error of law or that he abused his discretion, his order of January 8, 1981 hereby is

AFFIRMED. *In Re Romano*, D.C.Tenn. (1961), 196 F.Supp. 954, 955[2].

---

2. Two actions were commenced in a state court and were removed subsequently to the Bankruptcy Court. *See* Rule 7004, Interim Bankruptcy Rules. Such actions were apparently stayed by the bankruptcy judge during the pendency of this appeal.

3. Mr. McNeil cites no authority to the contrary, and the Court's research disclosed none.

4. Had USF&G not paid any amounts under the bonds, then its indemnity claim would have been contingent. *See* 6A Collier on Bankruptcy (14th ed.) 801, n. 63, ¶ 4.07[4].