**In the Matter of CINNAMON LAKE CORPORATION, Debtor.**

**Bankruptcy No. 83–2075.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 28, 1985.

Michael J. Keane, Parker, Parker, Bitting, & Keane & Hayes, George L. Hayes, III, St. Petersburg, Fla., for alleged debtor.

Thomas A. Roman, Dunbar, Dunbar & Roman, P.A., Dunedin, Fla., for petitioning creditor.

Albert I. Gordon, Tampa, Fla., for Cinnamon Lake No. 3, Inc.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO SET TRIAL

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THIS CAUSE came on for hearing upon a Motion for Summary Judgment and Motion to Set Bond filed by Cinnamon Lake Corporation, the Debtor in the above-styled involuntary Chapter 7 case. The Debtor contests the Involuntary Petition and moved for summary judgment on the grounds that the pleadings and affidavits reflect that the Debtor is paying its debts as they become due within the meaning of § 303(h)(1) of the Bankruptcy Code.

The Court considered the record, heard argument of counsel and finds the undisputed facts to be as follows:

On October 5, 1983, Cinnamon Lake No. 3, Inc. (CL # 3), a condominium, filed an involuntary petition against the Debtor alleging that the Debtor is not paying his debts as they become due. Subsequently, Cinnamon Lake Condominium Association No. 4, Inc. (CL # 4) filed a Motion to Intervene in the involuntary case as a petitioning creditor. Both CL # 3 and CL # 4 hold a Final Order issued on July 20, 1983 by the Department of Business Regulation, Division of Florida Land Sales and Condominiums. The Order adopted the recommended order of the hearing officer which directed the Debtor to pay CL # 3 $15,103.25 and CL # 4 $5,275.18 for the Debtor's share of common expenses and assessments of the project.

The Final Order of the Agency has not been appealed. However, the Debtor disputes any liability under the Order and sought to set aside the Order on the ground that the Agency lacked jurisdiction.

On May 30, 1984, Cinnamon Lake Condominium Associations No. 1 and No. 2

also filed a Motion to Intervene as petitioning creditors. The Claims of CL #1 and CL #2 are based upon a state court action against the Debtor for breach of warranty and construction defects. The Debtor has denied any liability on these claims.

It is the contention of the Debtor that none of the petitioning creditors are eligible to seek an entry of an order for relief under § 303 of the Code or in any event, none of the claims asserted by the petitioning creditors can be considered by the Court in determining whether the Debtor is paying its debts as they become due. Both of these contentions are asserted by the Debtor on the ground that the Debtor disputes the claims asserted by the petitioning creditors.

■ The fact that the claims are disputed does not bar the holders of the disputed claims from qualifying as petitioning creditors. *In re All Median Properties, Inc.,* 5 B.R. 126 (Bankr.S.D.Tex.1980), *aff'd per curiam,* 646 F.2d 193 (5th Cir.1981); *In re R.N. Salem Corp.,* 29 B.R. 424 (S.D.Ohio 1983). A holder of a claim contingent as to liability does not qualify as a petitioning creditor; § 303(b)(1). However, a contingent claim is not synonymous with a disputed claim. A bona fide dispute over liability does not render a claim contingent. *In re Dill,* Bankr.L.Rep. (CCH), ¶ 89,942 (9th Cir.1984). A claim is contingent as to liability within the meaning of § 303(b)(1) if:

§ 303(b)(1)

... the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.

*In re All Median Properties, Inc.,* 5 B.R. at 133.

■ The claims of these creditors are not contingent within the meaning of § 303(b)(1). All events have occurred which would trigger the liability. As a result, these creditors qualify as petitioning creditors.

This leaves for consideration the issue raised by the Debtor in its Motion for Summary Judgment whether disputed claims should be considered in the determination of whether a debtor is paying his debts as they become due.

■ This controversy is governed by § 303 of the Bankruptcy Code which provides in pertinent part as follows:

§ 303(h)(1)

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due; ...

Under § 303(h), an order for relief can be granted on a contested involuntary petition only if the petitioning creditors establish that the Debtor is not paying his debts as they become due. *In re Dill,* Bankr.L.Rep. (CCH) ¶ 84,942 (9th Cir.1984). In order to carry its burden, the creditors must show more than just the existence of a few unpaid debts. *In re All Media Properties, Inc.,* 5 B.R. 126 (Bankr.S.D.Tex.1980), *aff'd per curiam* 646 F.2d 173 (5th Cir.1981).

The United States Circuit Court of Appeals discussed the treatment of disputed claims under § 303(h)(1) and found that an absolute rule excluding or including disputed claims was inappropriate. *In the Matter of Covey,* 650 F.2d 877 (7th Cir.1981). The Circuit Court, in *Covey,* proposed a three part test to be applied to each case. Under that test, disputed claims should be excluded from the determination under § 303(h)(1) only if all three of the following circumstances are found:

(1) The dispute is whether any claim exists and not merely a dispute concerning the amount of the claim;

(2) the dispute can be examined without substantial litigation of legal or factual questions; and

(3) the interests of the debtor in defending an order of involuntary bankruptcy outweigh the creditor's interest in achieving a rapid determination of the involuntary bankruptcy question.

While most courts agree with *Covey* that there should not be an absolute rule excluding or including the disputed claims not all of the courts accept the three part test proposed in *Covey*. *In re B.D. International Discount Corp.,* 701 F.2d 1071 (2nd Cir.1983); *In re Dill,* Bankr.L.Rep. (CCH) ¶ 84,942 (9th Cir.1984); *In re R.N. Salem,* 29 B.R. 424 (S.D.Ohio 1983). The *Covey,* test has been held to unduly favor the interests of the petitioning creditors. *In re Dill,* at ¶ 89,944; *In re R.N. Salem,* 29 B.R. at 429. Instead, these Courts attempted to balance the Debtor's interests against the interest of the creditors in reaching their decision.

■ The Court in *In re B.D. International Discount Corp.,* supra found that Congress did not intend that a debtor should be found to be not paying his debts as they become due within the meaning of § 303(h)(1), when the claim is subject to serious dispute. *In re B.D. International Discount,* 701 F.2d at 1076. The need for this reasoning is apparent. A Debtor should not be forced to pay disputed debts in order to avoid an involuntary bankruptcy. Furthermore, the Bankruptcy Courts were not designed to be a forum for trying isolated claims. *In re B.D. International Discount Corp.,* 701 F.2d at 1076.

On the other hand, if disputed claims were excluded regardless of the basis of the dispute, an individual could avoid every involuntary bankruptcy merely by disputing every claim. The claimant need not make out a case warranting summary judgment in order to include his claim in a determination under § 303(h)(1), but it is unclear how much less will suffice. *In re*

*B.D. International Discount Corp.,* 701 F.2d at 1077.

■ Since there are competing policy considerations, the preferable approach to a resolution of the issues is to balance the interests of the creditor against those of the Debtor under the particular circumstances of the case. *See, In re Dill, supra* ¶ 89,944; *In re Salem,* 29 B.R. 424, 430. The creditor has an interest in a prompt resolution of the § 303(h)(1) question in order to prevent wasting of assets and to ensure that they receive all of their rights to the Debtor's property provided by the Code. *In the Matter of Covey,* 650 F.2d 877 (7th Cir.1981); *In re R.N. Salem Corp.,* 29 B.R. 424 (S.D.Ohio 1983). The Debtor has an opposing interest avoiding the stigma of bankruptcy without being forced to pay a disputed claim. *In re SBA Factors of Miami, Inc.,* 13 B.R. 99 (Bankr. S.D.Fla.1981).

In balancing these interests, courts have considered, inter alia, the following circumstances:

(1) The nature and status of the dispute; *In re B.D. International Discount Corp.,* 701 F.2d at 1077; *In re R.N. Salem,* 29 BR at 430

(2) Does the dispute go merely to the amount of the claim or the entire claim. *In re Covey,* 650 F.2d at 883.

(3) Has the debtor ceased its business operation. *In re Covey,* 650 F.2d at 884.

(4) Do the disputed claims comprise an exceedingly large share of the debtor's assets. *B.D. International Discount Corp.,* 701 F.2d at 1074.

(5) Do the disputed claims comprise an exceedingly large percentage of its business debts. *In re Covey,* 650 F.2d at 884.

(6) Does the creditor hold a security interest in property of the debtor. *In re R.N. Salem Corp.,* 29 BR at 431.

■ There is nothing in this record which establishes that the Debtor has challenged the jurisdiction of the Agency to enter an order assessing the Debtor or the

basis for the Debtor's objection. Nor does the record reveal the nature of the dispute over the construction defects. In short, there are too many facts in dispute to determine as a matter of law that the subject claims should be included or excluded in determining whether the Debtor is paying his debts as they become due.

This being the case, the Motion shall be denied and the matter shall be set for final evidentiary hearing to establish whether the circumstances warrant inclusion or exclusion of the disputed debts and whether the Debtor is paying his debts as they become due.

The final matter under consideration is whether the petitioning creditors are required to post a bond pursuant to § 303(e). The petitioning creditors are non-profit corporations that generate no profits other than assessments. The Debtor seeks a bond to cover the costs which may be assessed against the credit under § 303(i).

The Court considered the record and finds that the Motion to Set Bond is well taken and shall be granted and the creditors shall post bond in the amount of $2,500. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Cinnamon Lake Corporation, the Debtor, be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the matter shall be set for final evidentiary on April 22, 1985 at 3:00 .m. in Room 703, 700 Twiggs St., Tampa, Florida. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Set Bond filed by the Debtor be, and the same hereby is, granted and the Petitioning Creditors, Cinnamon Lake Condominium Association No. 1, 2, 3, and 4 are directed to post bond in favor of the Debtor in the amount of $2,500 with the Clerk of this Court pursuant to § 303(e) of the Bankruptcy Code within 15 days from the date of entry of this Order.