**In re SEA ISLAND RESORTS, A Joint Venture, Debtor.**

**Bankruptcy No. 87–02163.**

United States Bankruptcy Court, D. South Carolina.

Nov. 19, 1987.

Charles S. Altman, Charleston, S.C., for debtor.

Kevin Campbell, Bell, Campbell, Chard & McNeill, Mt. Pleasant, S.C., for petitioning creditors.

## MEMORANDUM AND ORDER FOR RELIEF UNDER CHAPTER 11

J. BRATTON DAVIS, Chief Judge.

On consideration of three petitions for involuntary relief filed on July 6, 1987, against the alleged debtor, above-named, and on consideration of the amended petition for involuntary relief filed on November 19, 1987 by the petitioners who, on July 6, 1987, filed the three petitions just mentioned [1], an order for relief under chapter

1. The petitioners (Prime Coastal, Inc., Ellis Mellott and Howard Mease, and William D. Leicht)

filed, on October 26, 1987, a motion to amend their involuntary petitions which was styled

11 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) is granted.

## FACTS

1. Sea Island Resorts (debtor) is a partnership organized and existing under the laws of the State of South Carolina which has as its partners, Prime Coastal, Inc., an Ohio corporation, Sea Island Resorts, Ltd., a Minnesota limited partnership, and Gold Coast Investors, a South Carolina partnership. The debtor conducts business at 62 Marsh View Lane, Harbor Island, Beaufort County, South Carolina.

2. Prime Coastal, Inc., Ellis Mellott and Howard Mease, and William D. Leicht each filed an involuntary petition on July 6, 1987 seeking an order for relief under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*)[2]

3. Prime Coastal, Inc., alleges that it is owed $609,000. by the debtor. Part of this debt of $609,000. is evidenced by promissory notes. One of the notes, in the amount of $205,000. and dated November 11, 1985, was assigned to Mellott and Mease; this note forms the basis of the claim of Mellott and Mease.

4. Mellott and Mease each loaned $94,000. to Prime Coastal, Inc., and each loan was evidenced by a promissory note. In order to secure the payment of these two promissory notes, Prime Coastal, Inc., assigned to Mellott and Mease the note of the debtor in the amount of $205,000. which is described above in Fact No. 3.

5. William D. Leicht (Leicht) is a Certified Public Accountant who has performed work on behalf of the debtor. Leicht's claim is for $32,000.

6. The petitioners (Prime Coastal, Inc., Mellott and Mease, and Leicht) each filed, on July 6, 1987, an involuntary petition for relief pursuant to § 303 which provides, in part, as follows:

"Motion to Amend Involuntary Petition". On November 19, 1987, this court granted the petitioners' motion to amend; this amendment, in effect, consolidates into a single petition the separate petitions for involuntary relief which were filed on July 6, 1987. Hereinafter, any

(a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer or corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

\* \* \* \* \* \*

(3) if such person is a partnership—
(A) by fewer than all of the general partners in such partnership; or

\* \* \* \* \* \*

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute....

7. Prior to the November 9, 1987 hearing on the involuntary petition, the court granted the motions of Robinson, Grant & Co., P.A., and Wheretogo: Hilton Head Island, to join in the petition seeking to place

reference to "petition" shall be to the amended petition filed on November 19, 1987, unless expressly indicated otherwise.

**2.** Further references to the Bankruptcy Code are by section numbers only.

the debtor in chapter 11. The parties have stipulated as follows: the debtor owes $7,365.46 to Robinson, Grant & Co., P.A.; the debtor owes $2,208.66 to Wheretogo: Hilton Head Island; and both debts are due, neither debt having been paid.

8. The parties have stipulated that the debtor is not paying its debts as such debts become due.

9. In its defense, the debtor makes several allegations. They are as follows: (1) the debtor denies any obligation to Mellott and Mease; (2) in that the debtor never authorized the employment of Leicht to perform any of its accounting work, Leicht is not a creditor of the debtor; (3) the debtor denies that Prime Coastal, Inc., is an unsecured creditor. In addition, the debtor makes two counterclaims. In its first counterclaim, the debtor alleges that Prime Coastal, Inc., defaulted on an obligation to provide operating funds to the debtor. The debtor asserts, in its second counterclaim, that the petition was filed in bad faith and that the debtor should be reimbursed for attorney's fees, costs and damages, actual and punitive, pursuant to § 303(i)(1).

## ISSUES

1. Whether the statutory requirements for the commencement of an involuntary chapter 11 case have been met.

2. Whether the petitioners filed their involuntary petition for relief in bad faith.

## DISCUSSION AND COUNTERCLAIM

### I

The court finds, under the present facts, that the statutory requirements for the commencement of a chapter 11 case have been met.

The parties have stipulated that "the debtor is generally not paying such debtor's debts as such debts become due...." § 303(h)(1). However, the debtor has asserted that the claims of certain petitioners were the subjects of bona fide disputes or were contingent as to liability.

■ If a claim is contingent as to liability or is the subject of a bona fide dispute, such claim will be excluded from the "generally paying debt" determination. *Matter of Covey*, 650 F.2d 877 (7th Cir.1981); *In re Galaxy Boat Mfg. Co., Inc.*, 72 B.R. 200 (Bkrtcy. D.S.C.1986). Following *Matter of Covey, supra*, this court in *In re Galaxy Boat Mfg. Co., Inc., supra*, adopted a three-part test for determining whether debts should be excluded. Pursuant to the three-part test, a debt will be excluded from the "generally paying debt determination" if:

(1) the dispute is whether any claim exists, not merely regarding the amount of the claim; (2) the dispute can be examined without substantial litigation of legal or factual questions; and (3) the interests of the debtor in defeating an order of involuntary bankruptcy outweigh [the] creditors' interest in achieving a somewhat more rapid determination of the involuntary bankruptcy question.

*Covey* at 883–84.

■ The debtor avers that Leicht is not a creditor of the debtor. The debtor claims that Leicht was not properly authorized by the debtor to perform any of its accounting work. However, upon direct examination, the debtor's managing partner, Robert H. Howarka, testified that he was aware that Leicht had prepared the debtor's tax returns for several years. As a result of this testimony, together with other evidence produced at trial, this court remains unconvinced by the assertion that the debtor never authorized Leicht to perform any accounting work. Therefore, the court finds that Leicht is a creditor of the debtor; however, the court makes no finding as to the amount of Leicht's claim, which, according to Leicht, totalled $32,000. As the court has found that the only dispute with regard to the Leicht claim is the amount of the claim, the claim will not be excluded because the debt in question has not met the first part of the *Covey* test. *Matter of Covey*, 650 F.2d 877, 883 (7th Cir.1981); *In re Galaxy Boat Mfg. Co.*, 72 B.R. 200, 203 (Bkrtcy. D.S.C.1986). The court further finds that the Leicht claim is unsecured.

The petitioning creditors include Robinson Grant & Co., P.A., and Wheretogo:

Hilton Head Island. The parties have stipulated that (1) the debtor owes $7,365.46 to Robinson, Grant & Co., P.A.; (2) the debtor owes $2,208.86 to Wheretogo: Hilton Head Island; and (3) both debts are due, neither debt having been paid. (Fact No. 7). Furthermore, the court finds that Robinson, Grant & Co., P.A., and Wheretogo: Hilton Head Island, hold unsecured claims.

The claims of Leicht, Robinson, Grant & Co., P.A., and Wheretogo: Hilton Head Island, constitute three claims against the debtor which are not contingent as to liability or the subject of a bona fide dispute, and which "aggregate at least $5,000. more than the value of any lien on property of the debtor securing such claims held by the holders of such claims...." § 303(b)(1).

The debtor is a partnership. Prime Coastal, Inc., is a general partner in the debtor which seeks to have the debtor placed in an involuntary chapter 11. § 303(b)(3)(A).

The parties have stipulated that the debtor is not paying its debts as they become due.

From the foregoing, the court concludes that the statutory requirements for the commencement of an involuntary chapter 11 case have been met. Therefore, the court shall grant the petition for involuntary relief against the debtor.

## II

With regard to the first counterclaim asserted by the debtor, the court was not convinced by the evidence produced at trial that Prime Coastal, Inc., defaulted on an obligation to provide operating funds to the debtor. Even if Prime Coastal, Inc., had defaulted on such an obligation, it is not clear that such an obligation could be enforced. For these reasons, the court finds the first counterclaim without merit.

In its second counterclaim, the debtor asserts that the petition was filed in bad faith. However, there is no evidence which persuades the court that the petition was filed in bad faith. "It is well established that good faith is presumed on the part of the party or parties filing an involuntary petition and that the burden of proving bad faith rests on the objecting party." *In re CLE Corp.*, 59 B.R. 579, 583 (Bkrtcy.N.D. Ga.1986).

## ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that:

The petition for involuntary relief filed on November 19, 1987 under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) against Sea Island Resorts, a joint venture, is granted; and the debtor's two counterclaims are denied.